IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KEITH MILLS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 6:18-CV-03241-SRB |
| | ) |
| BRAD COLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff Keith Mills' First-Amended Complaint and Suggestions in Support. (Doc. #87). The motion is DENIED.

**I.    Background and Legal Standard**

On September 7, 2019, Plaintiff Keith Mills[1] filed his First-Amended Complaint for Damages against Christian County, Missouri; Brad Cole in his individual and official capacities as Christian County Sheriff; and Ray Weter, Hosea Bilyeu, and Ralph Phillips in their official capacities as County Commissioners for Christian County (collectively "Defendants"). Plaintiff Mills was employed by the Christian County Sheriff's Department from September 2010 to August 2015. During 2015 both Plaintiff Mills and Defendant Cole ran for Sheriff of Christian County. On or about August 4, 2015, Defendant Cole was elected as the Christian County Sheriff. Defendant Cole assumed office on or about August 7, 2015, and Defendant Cole fired Plaintiff Mills the same day.

---

[1] On November 20, 2018, Plaintiff Mills's case was consolidated with cases brought by Plaintiffs John Burns, Tyler Clark, Michael Denton, Joseph Gallant, III, and Michael Wells against the same Defendants.

Plaintiff Mills's First-Amended Complaint includes one count for "Violation of 42 U.S.C. § 1983 and the First Amendment to the United States Constitution for Retaliation for Political Affiliation and Candidate Support[.]" (Doc. #83, p. 3). Defendants move for dismissal of Plaintiff Mills's First-Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue Plaintiff Mills's claim does not implicate the First Amendment in that Plaintiff Mills alleges he experienced retaliation for running for office and "being a candidate for office is not 'protected activity.'" (Doc. #87, p. 4). Defendant Cole also argues that even if candidacy is activity protected by the First Amendment, such a right was not clearly established at the time Defendant Cole terminated Plaintiff Mills, and Defendant Cole is therefore entitled to qualified immunity.

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation and quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). Defendants seeking a Rule 12(b)(6) dismissal on the basis of qualified immunity

must show that they are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (internal quotation marks and citation omitted).

## II. Discussion

"To successfully plead a First Amendment retaliation claim, a plaintiff must plausibly plead that he/she 'engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [them] that would chill a person of ordinary firmness from engaging in that activity.'" *Zutz v. Nelson*, 601 F.3d 842, 848-49 (8th Cir. 2010) (quoting *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007)). Defendants rely primarily on a recent, unpublished Eighth Circuit decision in support of their argument that Plaintiff Mills's First-Amended Complaint does not implicate a protected activity. Defendants argue, "[T]he Eighth Circuit has recently ruled there is no federally-protected right to run for office." (Doc. #87, p. 3) (citing *McKee v. Reuter*, 758 Fed. Appx. 564, 571 (8th Cir. 2019) (unpublished)).

In *McKee* the Eighth Circuit stated, "We do not dispute that there is no clearly established First Amendment right to run for office. . . . Consequently, to the extent any of Ms. McKee's claims are predicated solely upon her candidacy, defendants were entitled to qualified immunity." 758 Fed. Appx. at 571. However, the Eighth Circuit went on to affirm the trial court's denial of qualified immunity as to Ms. McKee's First-Amendment claims because as the Eighth Circuit "[understood] Ms. McKee's claims, they [were] not predicated upon her candidacy; they [were] predicated upon her affiliation with the Democratic party, the expression of her political views, and *the activities she undertook as a Democrat during a partisan campaign*, which fall squarely within the protections of the First Amendment." *Id.* (citation omitted) (emphasis added).

3

Defendants focus too narrowly on Plaintiff Mills's allegation in paragraph 29 of the First-Amended Complaint, which states, "Plaintiff engaged in activity protected under the First Amendment to the United States Constitution by running for political office – which is activity not only protected by the First Amendment generally but more specifically as interpreted by the Supreme Court in its 'Elrod-Branti' test." (Doc. #83, ¶ 29). Defendants argue that paragraph 29 requires dismissal under *McKee*. (Doc. #87, p. 4). However, Plaintiff Mills also alleges in his First-Amended Complaint, "Throughout 2015, Plaintiff publicly campaigned for the office Sheriff of Christian County, Missouri and this fact was known to Defendant Cole." (Doc. #83, ¶ 14). Plaintiff Mills further alleges, "Cole's termination of Plaintiff's employment was motivated in whole and/or in part by Plaintiff's campaign for Christian County Sheriff."[2] (Doc. #83, ¶ 31).

Campaigning is more than candidacy as was recognized in *McKee*. 758 Fed. Appx. at 571 (stating First-Amendment claims were predicated on "the activities [plaintiff] undertook as a Democrat during a partisan campaign"). As a result, the Court finds Plaintiff Mills's claim is based on more than candidacy in that Plaintiff Mills alleges retaliation based on his First-Amendment right to campaign for office. The Defendants' motion to dismiss on this point is denied.

Defendant Cole's qualified immunity argument is premised on Defendants' misreading of the First-Amended Complaint that Plaintiff Mills's First-Amendment retaliation claim is based solely on Plaintiff Mills's candidacy for office. Defendant Cole argues, "Even if this Court

---

[2] Defendants argued for the first time in their reply that Plaintiff Mills "has not met his burden in pleading causation." (Doc. #97, p. 7). "The Court rarely relies on new arguments in reply briefs because the respondent did not have an opportunity to respond." *McDaniel v. Lombardi*, 227 F. Supp. 3d 1032, 1038 (W.D. Mo. 2016) (citation omitted). Even so, the Court finds these allegations satisfy the causation element of a First-Amendment retaliation claim.

determines Mills' candidacy was activity protected by the First Amendment, such right was not 'clearly established' at the time Cole terminated Mills." (Doc. #87, p. 6). Given the Court's determination that Plaintiff Mills's First-Amended Complaint is based on the protected activity of campaigning and not mere candidacy, Defendant Cole's qualified immunity argument is moot. Plaintiff Mills's protected activity of campaigning "fall[s] squarely within the protections of the First Amendment." *McKee*, 758 Fed. Appx. at 571.

### III. Conclusion

Defendants' Motion to Dismiss Plaintiff Keith Mills' First-Amended Complaint and Suggestions in Support (Doc. #87) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2019