IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:18-cv-03241-SRB |
| v. | ) | Case No. 6:18-cv-03245-SRB |
| | ) | |
| BRAD COLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment as to Plaintiff Keith Mills. (Doc. #117). For the reasons discussed below, the motion is granted.

### I. BACKGROUND

Plaintiff Keith Mills is a former deputy sheriff of Christian County, Missouri. In 2015, Defendant Brad Cole ran for Christian County Sheriff. Plaintiff, at that time a captain in the Christian County Sheriff's Department, ran against Defendant Cole and publicly campaigned for the office of Christian County Sheriff. Defendant Cole was elected on August 4, 2015. On or about August 7, 2015, Defendant Cole assumed the duties of sheriff. That same day, Defendant Cole terminated Plaintiff's employment. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 against Defendant Cole in his individual capacity and official capacity as Christian County Sheriff; against Defendant Christian County, Missouri; and against Defendants Ray Weter, Hosea Bilyeu, and Ralph Phillips in their official capacities as Christian County Commissioners. Plaintiff alleges that Defendants violated his First Amendment rights by terminating his employment because he publicly campaigned for the office of sheriff and opposed Defendant

Cole in the election.  Defendants now move for summary judgment on the basis that Defendant Cole is entitled to qualified immunity because he did not violate a clearly established right.[1]

Defendant Cole also terminated other deputy sheriffs for the same or similar reasons he terminated Plaintiff.  Those deputy sheriffs also filed lawsuits against Defendants in this Court.  This Court denied summary judgment in two of such cases, finding that Defendant Cole was not entitled to qualified immunity.  Defendants appealed the denials, and the Eighth Circuit issued a decision reversing the judgment of this Court.  *See Curtis v. Christian Cty.*, 963 F.3d 777 (8th Cir. 2020).  As discussed below, that opinion requires this Court to grant summary judgment in favor of Defendants in this case.

## II.  LEGAL STANDARD

A federal court must grant a motion for summary judgment if 1) the moving party "shows that there is no genuine dispute of material fact" and 2) the moving party is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact."  *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).  A nonmoving party survives a summary judgment motion if the evidence, viewed in the light most favorable to the nonmoving party, is "such that a reasonable jury could return a verdict for the nonmoving party."  *Stuart C. Irby Co. v. Tipton*, 796 F.3d 918, 922 (8th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

---

[1] Because the Court finds Defendant Cole is entitled to qualified immunity, it need not reach Defendants' additional arguments.

## III. DISCUSSION

Plaintiff alleges his First Amendment rights were violated when he was terminated for running against Defendant Cole and publicly campaigning for the office of Christian County Sheriff. Defendants contend that Plaintiff had no First Amendment right to run against Defendant Cole or publicly campaign in the election. In general, the government "may not condition public employment on an employee's exercise of his or her First Amendment rights." *Thompson v. Shock*, 852 F.3d 786, 791 (8th Cir. 2017) (quoting *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 717 (1996)). "With few exceptions, the Constitution prohibits a government employer from discharging or demoting an employee because the employee supports a particular political candidate." *Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1418 (2016). Recognizing the need "to balance the First Amendment rights of government employees with the need of government employers to operate efficiently," the Supreme Court has developed an exception that may apply in cases where a government employee is dismissed "because of his or her political affiliations or support for certain candidates," commonly referred to as "patronage dismissal[s]." *Thompson*, 852 F.3d at 791 (citing *Elrod v. Burns*, 427 U.S. 347 (1976); *Branti v. Finkel*, 445 U.S. 507 (1980); *DePriest v. Milligan*, 823 F.3d 1179 (8th Cir. 2016)).

When the adverse employment decision is, as in this case, due to the employee's "affiliation with the 'wrong' candidate," federal courts apply the *Elrod-Branti* "narrow-justification test." *Thompson*, 852 F.3d at 793 (citing *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 69 (1990)). Under *Elrod-Branti*, a patronage dismissal violates the First Amendment "unless political affiliation is a reasonably appropriate requirement for the job in question." *O'Hare*, 518 U.S. at 714 (citing *Elrod*, 427 U.S. at 347; *Branti*, 445 U.S. at 507). This test permits

3
Case 6:18-cv-03241-SRB   Document 160   Filed 08/19/20   Page 3 of 5

government employers to "take adverse employment actions against employees for protected First Amendment activities if they hold confidential or policymaking positions for which political loyalty is necessary to an effective job performance." *Shockency v. Ramsey Cty.*, 493 F.3d 941, 950 (8th Cir. 2007).

The Eighth Circuit's recent opinion reversing this Court's denial of summary judgment in the related cases involving former Missouri deputy sheriffs Robert Curtis and Frank Bruce requires this Court to grant summary judgment in favor of Defendants in this case. In *Curtis*, the Eighth Circuit held that because under Missouri law, "deputy sheriffs[] h[o]ld policymaking positions for which political loyalty is necessary to an effective job performance, Defendant Cole was entitled to qualified immunity in that he was permitted to take adverse employment actions against [Curtis and Bruce] and did not violate their constitutional rights." 963 F.3d at 789 (quotation marks omitted) (quoting *Shockency*, 493 F.3d at 950). Citing Missouri law, the Eighth Circuit explicated that Missouri deputy sheriffs hold "policymaking positions for which political loyalty is necessary to an effective job performance" because they "are elected," "assist the sheriff in the performance of his duties," "are liable for their deputies' actions; the deputies are the sheriffs' alter egos," "are at-will employees who serve at the pleasure of the sheriff," and "are law enforcement officers."[2] *Id.* at 788–89 (citation and quotation marks omitted).

---

[2] Plaintiff argues various provisions of Missouri law directly preclude dismissal for political affiliation, and therefore, terminating a Missouri deputy sheriff for such political affiliation is unconstitutional. In particular, Plaintiff emphasizes that at the time of his firing, Missouri law stated that "No political subdivision of this state shall prohibit any first responder . . . from engaging in any political activity while off duty and not in uniform . . . ," where "first responder" was defined as "any person trained and authorized by law to render emergency medical assistance or treatment" such as "deputy sheriffs." Mo. Rev. Stat. §§ 67.145, 192.800 (2013). In a footnote, the Eighth Circuit in *Curtis* stated that "Missouri law setting forth the political activity rights of 'first responders' does not alter our analysis." 963 F.3d at 789 n.7. The footnote indicated that "[n]either Bruce nor Curtis submitted evidence that they are a 'first responder.'" *Id.* Plaintiff in this case does cite to evidence that he is a first responder, in addition to arguing as did Curtis and Bruce that under Mo. Rev. Stat. § 590.030, all Missouri deputy sheriffs are first responders. However, under *Curtis*, Missouri deputy sheriffs hold "policymaking positions for which political loyalty is necessary to an effective job performance," and can properly be terminated for political affiliation. *Id.* at 788 (citation

Plaintiff was a Missouri deputy sheriff who publicly campaigned and ran against Defendant Cole and therefore, like Bruce and Curtis, did not support Defendant Cole in the Christian County Sheriff's race. Under *Curtis*, Defendant Cole did not violate Plaintiff's First Amendment rights by terminating him, and Defendant Cole is entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Thompson*, 852 F.3d at 790 (Under the doctrine of qualified immunity a government officer sued in his individual capacity is "shielded from liability for civil damages" when performing discretionary functions unless his conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known."). Defendant Cole in his official capacity, Defendant Christian County, Missouri, and Defendants the Christian County Commissioners are also entitled to summary judgment because Defendant Cole did not commit an unconstitutional act, and "[t]here must be an unconstitutional act by a municipal employee before a municipality can be held liable." *Curtis*, 963 F.3d at 789 (quoting *Muir v. Decatur Cty.*, 917 F.3d 1050, 1054 (8th Cir. 2019)).

## IV. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff Keith Mills (Doc. #117) is granted.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2020

---

and quotation marks omitted). Under the Eighth Circuit's broad holding, even if Plaintiff is a first responder and other provisions of Missouri law protect against discharge for engaging in political activity, because he was a Missouri deputy sheriff, Plaintiff was legally terminated, and Defendant Cole did not violate Plaintiff's constitutional rights. *Id.* at 789.